IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                          19-CR-202

RONALD SERIO,

    Defendant.

---

## PLEA AGREEMENT

The defendant, RONALD SERIO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and plead guilty to a two count Superseding Information charging:

a.   In Count 1, a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine), for which the which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000; a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life.

b.   In Count 2, a violation of Title 18, United States Code, Section 922(g)(3)(unlawful user in possession of a firearm) for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years;

c.  The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

3.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.  ELEMENTS AND FACTUAL BASIS

4.  The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Count 1

a.  The defendant possessed a controlled substance;

b.  The defendant knew that he possessed a controlled substance; and

c.  The defendant intended to distribute the controlled substance.

2

Count 2

a. The defendant was an unlawful user of controlled substances;

b. The defendant knowingly possessed a firearm while he was an unlawful user of controlled substances; and

c. The firearm was transported across a state line at some time during or before the defendant's possession of it.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

a. In April 2017, law enforcement received information that the defendant trafficked large quantities of marijuana, and that the defendant stored marijuana and currency at his house located at 697 Lebrun Road, Amherst, New York. A witness further reported observing an estimated 100 pounds of marijuana in the defendant's residence in April 2017.

b. On April 18, 2017, the defendant departed his residence at 697 Lebrun Road, Amherst, New York in his vehicle. He drove the vehicle to 370 Huntington Avenue, Buffalo, New York and met with an individual. Members of the Erie County Sheriff's Department ("ECSO") and Federal Bureau of Investigation ("FBI") executed a search warrant at that time and recovered fifteen (15) vacuum sealed bags, each containing approximately .5 kilograms of marijuana on the ground next to the defendant and the other person. ECSO and FBI searched the interior of 370 Huntington and recovered five (5) more vacuum sealed bags, each containing approximately .5 kilograms of marijuana in the garage, together with a digital scale, packaging material, and one plastic bag containing approximately 28 grams of cocaine.

c. The FBI obtained a search warrant for the defendant's residence at 697 Lebrun Road, Amherst, New York and a property the defendant controlled at 91 West Grimsby Road, Tonawanda, New York and executed the search warrants on April 18, 2017.

d. Inside of 91 West Grimsby Road, Tonawanda, New York, the FBI recovered one (1) black garbage bag containing thirteen (13)

3

      individually wrapped bricks, each containing approximately one (1) kilogram of marijuana, recovered in the front closet; one (1) red duffel bag containing six (6) vacuum sealed bags, each containing approximately .5 kilograms of marijuana recovered on the kitchen floor; one (1) black duffel bag containing six (6) vacuum sealed bags each containing approximately .5 kilograms of marijuana recovered on the kitchen floor; one (1) plastic bag containing two plastic bags, each containing .5 kilograms of marijuana recovered on the kitchen floor; one (1) computer box containing nineteen (19) vacuum sealed bags each containing approximately one (1) kilogram of marijuana located in the front hallway; one (1) plastic bag containing two (2) individually wrapped bricks each containing approximately one (1) kilogram of marijuana located in the kitchen; one (1) black garbage bag, containing eleven (11) vacuum sealed bags each containing approximately .5 kilograms of marijuana; one (1) black garbage bag containing five (5) individually wrapped bricks each containing one (1) kilogram of marijuana located in the front closet; one (1) individually wrapped brick containing approximately one (1) kilogram of marijuana recovered in the kitchen cabinet; one (1) plastic bag containing approximately 150 grams of cocaine recovered in the kitchen cabinet; one (1) vacuum sealer, recovered on the kitchen counter, packaging material, one (1) plastic bag containing packaging material, four (4) digital scales, one (1) checkbook in the name, "Ronald Serio," numerous documents and bills in the name, "Ronald Serio," one (1) prescription pill bottle in the name, "Ronald Serio." Also recovered was one (1) large plastic bag containing dozens of sealed plastic bags, which were sliced open and emptied. Each bag had a strong odor of marijuana, and appeared consistent with the packaging that contained the .5 kilogram quantities of marijuana.

e.    Inside of 697 Lebrun Road, Amherst, New York, the FBI recovered one (1) black garbage bag containing three (3) vacuum sealed bags each containing .5 kilograms of marijuana recovered in the hallway closet; two (2) individually wrapped bricks each weighing approximately one (1) kilogram each containing marijuana recovered in the kitchen drawer; one (1) digital scale, recovered in the kitchen drawer; one (1) money counting machine recovered in the kitchen; two (2) boxes of 5.56 caliber rifle ammunition, recovered in a closet adjacent to the kitchen; one (1) loaded AR-15 type magazine containing 5.56 caliber ammunition; one (1) Spirit Arms LLC model ASA15, 5.56 caliber semiautomatic rifle bearing serial number AS40588, recovered under the mattress of the master bedroom. Also of note, located on the third floor of the residence, behind a recreational bar, was a large plastic bag containing dozens of sealed plastic bags which were sliced open and emptied. Each bag had a strong odor of marijuana, and appeared consistent with the packaging containing one .5 kilogram quantities of marijuana. In the basement of 697 Lebrun was a large box and a plastic bag each containing dozens of similarly opened plastic bags with a

strong odor of marijuana. Also in the basement was a small room, whose door was concealed behind sheetrock panels. This room was approximately twelve feet by twelve feet and contained a humidifier, and a climate control unit. The block windows which view the outside were spray painted black. Additionally, numerous boxes and bags were found in various locations throughout the house which each contained dozens of sliced open plastic bags with the strong odor of marijuana. The defendant admits that he possessed the marijuana and cocaine with the intent to sell the substances.

f. Additionally quantities of pills were recovered inside the defendant's residence. Specifically, the defendant possessed, in his kitchen cabinets, assorted pills, including 20 tablets (8.8 grams) of oxycodone, 30 tablets (6.73 grams) of oxymorphone, 100 tablets (25.19 grams) of methadone, 26 tablets (10.66 grams) of buprenorphine, 107 tablets (26.83 grams) of methadone, and 14 capsules (5.12 grams) of amphetamine. Further, the defendant possessed assorted pills on his person at the time of his arrest, including 2 tablets (.62 grams) of fentanyl. The defendant admits that he has distributed these controlled substances in the past, and that he possessed them with intent to use and distribute these controlled substances, including oxycodone.

g. The FBI also obtained a search warrant for, and searched, the defendant's vehicle, a 2011 Range Rover with New York registration HAA 5282. The FBI recovered $22,000 in U.S. currency inside a protein bar box, three cellular phones, and .5 kilograms of marijuana under the rear driver's side seat in the vehicle. He admits that this currency was proceeds from the sale of marijuana and that, converting the currency to marijuana at a rate of $4,000 per pound, the estimated amount of relevant conduct is 2.5 kilograms of marijuana.

h. On or about April 18, 2017, the defendant was an unlawful user of, and was addicted to drugs, namely, oxycodone. Following the defendant's arrest, he was released to seek inpatient treatment for his drug use/addiction. Additionally, the defendant acknowledges that the Spirit Arms LLC model ASA15, 5.56 caliber semi-automatic rifle bearing serial number AS40588 recovered from his residence, as described above, was manufactured outside of the state of New York and therefore traveled in interstate commerce prior to its recovery in New York on April 18, 2017.

i. The parties agree that at least 100 kilograms but less than 400 kilograms of converted drug weight is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government against the defendant.

5

j. The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

#### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offense of conviction and provide for a base offense level of **24**.

#### SPECIFIC OFFENSE CHARACTERISTICS
#### USSG CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following adjustments to the base offense level do apply:

   a. The **two** level increase pursuant to Guidelines § 2D1.1(b)(1) (possession of dangerous weapon); and

   b. The **two** level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance).

#### ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **28**.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **25**.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of **25** and criminal history category of **I**, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **57 to 71** months, a fine of **$20,000** to **$1,000,000**, and a period of supervised release of **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

13. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### IV.     STATUTE OF LIMITATIONS

15. In the event the defendant's pleas of guilty are withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND OBLIGATIONS

16. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17. At sentencing, the government will move to dismiss Indictment 19-CR-202 against this defendant.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. REMOVAL

19. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

9

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court, which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court, which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. <u>FORFEITURE PROVISIONS</u>

### <u>CRIMINAL FORFEITURE</u>

23. Prior to or immediately after the entry of the pleas of guilty, the defendant agrees to make full and complete disclosure of all assets the defendant owns, whether in the defendant's name or the names of others, which the defendant possesses and/or over which the defendant exercises control. Further, the defendant agrees to disclose any property obtained as a result of the criminal activity that is the basis of this agreement and disclose who owns such property at this time and the circumstances under which such property was obtained. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information.

24. The defendant also agrees to submit to a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. Further, as of the date of this agreement, the defendant agrees not to transfer, secrete or otherwise dissipate any assets the defendant owns, possesses or over which the defendant exercises control without the permission of the government. In addition, the defendant promises that the defendant will make no such transfers in excess of $1,000 prior to sentencing.

25. As a condition of his pleas of guilty, the defendant agrees to immediately forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Sections 853(a) and (p), which are in the possession and control of the defendant or the defendant's nominees. That property includes:

**MONETARY AMOUNTS:**

a. The sum of one hundred dollars ($100,000.00) in United States currency, to be paid in the form of a certified check made out to the United States Marshal's Service to be paid within six months from the date of the plea hearing, which if not paid within six months from the date of the plea hearing, will become a monetary judgment and will serve as a lien against the defendant's property, wherever situated, with interest to accrue at the prevailing rate per annum until fully satisfied in the event this amount is not located; and

b. The net proceeds from the sale of the premises, buildings and appurtenances, improvements and real property located at 697 Lebrun Road, Amherst, New York, more fully described in a Deed recorded in the Erie County Clerk's Office on October 5, 2011 in Book 11209 of Deeds at Page 6322 in the amount of one hundred and seventy three thousand, two hundred and eighty six dollars and sixty nine cents ($173,286.69) in United States currency, said amount to be tendered at the time of the plea by means of a certified or bank draft payable to the United States Marshals Service or by wire transfer in accordance with the direction of the government.

c. In lieu of forfeiture of the premises, buildings and appurtenances, improvements and real property located at 626 Richmond Avenue, Buffalo, New York, more fully described in a Deed recorded in the Erie County Clerk's Office on April 30, 2012 in Book 11222 of Deeds at Page 2906, the defendant or his assigns will forfeit the sum of two hundred and seventy five thousand dollars ($275,000.00) United States currency to be paid within six months from the date of the plea hearing, said amount to be tendered at the time of the plea by means of a certified or bank draft payable to the United States Marshals Service or by wire transfer in accordance with the direction of the government. In the event that this payment is not made to the government within six months of the plea hearing, the government will move to forfeit the premises, buildings and appurtenances, improvements and real property located at 626 Richmond Avenue, Buffalo, New York, more fully described in a

> Deed recorded in the Erie County Clerk's Office on April 30, 2012 in Book 11222 of Deeds at Page 2906.

26. The defendant agrees that the monies and properties listed above are properly forfeitable to the United States pursuant to Title 21, United States Code, Section 853 and that he obtained and used these properties in furtherance of his criminal conduct that forms the basis of the Plea Agreement. The defendant further agrees to fully assist the government in the forfeiture of these properties and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to the payment of taxes, water and user fees; surrender of title; and execution of any documents necessary to transfer the defendant=s interest in any of the properties and to allow access to the United States Marshals Service to the real properties for physical inspection purposes, as deemed necessary by the government. The defendant further agrees to maintain the real properties and not cause the destruction or removal of any property, or any other detrimental action to prevent its seizure and forfeiture.

27. After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a <u>Preliminary Order of Forfeiture</u> for the items listed above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Preliminary Order of Forfeiture</u> and a <u>Final Order of Forfeiture</u> shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant=s sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any

failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28. The defendant agrees that the Preliminary Order of Forfeiture forfeiting the above properties to the United States, will provide for the United States Marshals Service to take immediate possession, if it deems necessary to maintain the condition of the property, and directing it to be within the government's discretion to enter into occupancy agreements with any occupants of the real property or to physically remove such occupants as it deems necessary in order to dispose of the real property.

## ADMINISTRATIVE FORFEITURE

29. The defendant acknowledges that the following property has been or will be subject to administrative forfeiture or abandonment proceedings:

   a. The sum of eighteen thousand dollars ($18,000.00) United States currency seized from a duffle bag on or about April 18, 2017 under the control of the defendant;

   b. The sum of twenty two thousand, nine hundred and eighty three dollars ($22,983.00) United States currency seized from a Range Rover Land Rover vehicle on or about April 18, 2017 under the control of the defendant;

   c. The sum of two thousand, four hundred forty one dollars ($2,441.00) United States currency seized from the defendant's person on or about April 18, 2017 under the control of the defendant; and

    d.    The sum of four thousand, eight hundred and ninety one dollars ($4,891.00) United States currency seized from 370 Huntington Avenue, Buffalo, NY on or about April 18, 2017 under the control of the defendant.

30. The defendant agrees to the forfeiture of the above property and agrees not to contest the administrative forfeiture or abandonment proceedings in any way.

31. The defendant waives all constitutional, legal and equitable defenses to the forfeiture of any of the above described property listed in this section of the plea agreement in any proceeding, including statutory time limits contained therein and any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding referred to within this Agreement. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States, the State of New York or its subdivisions.

## FORFEITURE BY THE NYS PROVISION

32. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm[s] and ammunition described below and agrees that the firearm and ammunition constitute a nuisance as provided for in New York Penal Law § 400.05. The property is described as follows:

> One (1) American Spirit Arms LLC, Model ASA15, 5.56 caliber, semi-automatic rifle, bearing serial number AS40588, with magazine and ammunition, seized by law enforcement on or about April 18, 2017.

33. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

34. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survives and shall be given full force and effect.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, RONALD SERIO, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
PAUL C. PARISI
Assistant United States Attorney

Dated: July 23, 2020

I have read this agreement, which consists of pages 1 through 17. I have had a full opportunity to discuss this agreement with my attorney, HERBERT L. GREENMAN, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
RONALD SERIO  
Defendant

Dated: July 23, 2020

_____  
HERBERT L. GREENMAN, ESQ.  
Attorney for the Defendant

Dated: July 23, 2020